## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MALVIN R. SCHAMP, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 06-4015-JAR |
| | ) |
| JOE SHEPAK, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER STAYING DISCOVERY

This matter comes before the court upon the motion of defendant Hannelore Kitts to stay discovery in this matter (Doc. 10). Defendant Kitts has filed a memorandum in support of his motion (Doc. 11) and seeks to have the court stay discovery in this matter pending a ruling by the trial judge on his motion to dismiss (Doc. 8). Pursuant to D. Kan. Rule 6.1, any response in opposition to the instant motion was due from plaintiff on or before June 28, 2006.[1] To date, no such response has been filed. Pursuant to D. Kan. Rule 7.4, the court ordinarily treats a motion, to which no timely response is filed, as uncontested and grants the motion without any further notice.[2]

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served within 14 days.").

[2] D. Kan. Rule 7.4 provides in relevant part:

> The failure to file a brief or response within the time specified within Rule 6.1(d) shall constitute a waiver of the right thereafter to file such a brief or response, except upon a showing of excusable neglect. . . . If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

The court does not ordinarily favor staying discovery pending resolution of dispositive motions because of the delay such a stay may occasion in obtaining a timely resolution of the matter. However, "it is appropriate for a court to stay discovery until a pending dispositive motion is decided. . . where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful."[3]

At this time, defendant Kitts has filed a motion to dismiss (Doc. 8), in which he asserts absolute judicial immunity in response to plaintiffs' federal claims against him and advances the position that the court should decline to exercise supplemental jurisdiction over any state law claims plaintiffs may be asserting against him. The remaining named defendants in the case, Joe Shepack, James F. Tyree, Jaime Montoy, and Tracy Ploutz, have responded to plaintiffs' complaint by also filing a motion to dismiss (Doc. 6), which raises issues of failure to state a claim and lack of subject matter jurisdiction over the pleaded state law claims. Additionally, the court has not yet entered an order directing the parties to confer and formulate a plan for completion of discovery pursuant to Fed. R. Civ. P. 26(f).

There is a potential for rulings on the pending motions to dismiss to be completely dispositive of the case, to eliminate one or more defendants from the action, or to narrow the issues remaining for discovery. Moreover, after review of the pending motions to dismiss, it does not appear that facts sought by any discovery would impact the briefing or resolution of

---

[3] *Wolf v. United States*, 157 F.R.D. 494, 494-95 (D. Kan. 1994).

these motions. Accordingly, by imposing a stay on discovery now, before discovery activities have truly begun, the court can prevent any waste of the parties' resources from the conduct of discovery on any aspect of the case that does not survive the pending dispositive motions. Therefore, the court finds that a stay of discovery will not prejudice any party, will allow the parties to have knowledge of what, if any, claims remain prior to expending resources on discovery, and is appropriate in this instance. Because the instant motion has not been timely opposed and the court finds merit in the relief requested, the court will grant defendant Kitts's motion and grant a stay of discovery in this case, with the modification that the stay imposed will extend until the trial judge has ruled upon both defendant Kitt's motion to dismiss (Doc. 8) and the remaining defendants' motion to dismiss (Doc. 6).

**IT IS THEREFORE ORDERED** that defendant Kitts's motion to stay (Doc. 10) is hereby granted, and discovery in this case is hereby **STAYED** pending a ruling by the trial judge on the pending motions to dismiss (Docs. 6 & 8). **This stay applies only to discovery activities and does not in any way apply to or affect the deadlines for the parties to brief the motions to dismiss (Docs. 6 & 8), currently pending before U.S. District Judge Julie A. Robinson.**

**IT IS SO ORDERED.**

Dated this 29th day of June, 2006, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
