## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MALVIN R. SCHAMP, ) | |
| MATT SCHROEDER, and ) | |
| DOVIE J. SCHAMP BRILL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-4015-JAR |
| ) | |
| JOE SHEPACK, ) | |
| JAMES F. TYREE, ) | |
| JAIME MONTOY ) | |
| TRACY PLOUTZ, and ) | |
| HANNELORE KITTS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon the motion (Doc. 28) of plaintiffs, Matt Schroeder, Malvin Randy Schamp, and Dovie Schamp Brill, individuals representing themselves in this matter, for recusal of the undersigned magistrate judge. (Doc. 28). The "non-judicial Defendants" Joe Shepack (Ellsworth County Attorney), James F. Tyree and Jaime Montoy (Ellsworth County Deputy Sheriffs), and Tracy Ploutz (Ellsworth County Sheriff) filed a timely response (Doc. 28) which Defendant Hannelore Kitts, District Court Judge for Kansas' Twentieth Judicial District, adopted (Doc. 31). Plaintiffs have not filed a reply and the time to do so has passed.[1] The issues are, therefore, fully briefed and ripe for decision. For the reasons

---

[1] *See* D. Kan. R. 6.1(d)(1) ("Replies [for non-dispositive motions] shall be filed and served within 14 days of the service of the response.")

set forth below, plaintiffs' motion shall be denied and the undersigned will continue to supervise the pretrial activities in this case.

Plaintiffs label the present motion "Objection to Order Staying Proceedings" and seek the undersigned's recusal and "review of the Orders signed and dated by this Magistrate and to rescind the Order to stay proceedings."[2] Despite the motion's title, the court construes this motion as a motion to recuse and to reconsider its order staying discovery (Doc. 20).

The circumstances and grounds for recusal of a federal magistrate judge are set out in 28 U.S.C. § 455. The court finds the concerns expressed by plaintiff fall most directly within the ambit of 28 U.S.C. § 455(a), which addresses circumstances where a judge's impartiality can reasonably be questioned.

The standard for evaluating whether a judge's impartiality might reasonably be questioned is an objective standard of "whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality."[3] The initial inquiry in applying this objective standard asks "whether a reasonable factual basis exists for questioning the judge's impartiality."[4] "There is as much obligation for a judge *not* to recuse himself when there is no occasion for him to do so as there is for him to do so when there is."[5] Moreover, a litigant's

---

[2] *See* Motion for Recusal (Doc. 28), at p. 1-2.

[3] *Nichols v. Alley*, 71 F. 3d 347, 351 (10th Cir. 1995) (citations omitted.)

[4] *Id.* (citing *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)).

[5] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted)(emphasis added).

feelings "which, of necessity, must be subjective, cannot without more be made the test."[6] Finally, "adverse judicial rulings, standing alone, do not constitute a valid basis for recusal based on bias or partiality."[7]

Plaintiffs argue that the undersigned recused in Case No. 03-4108,[8] where plaintiff Matt Schroeder was also a plaintiff, and consequently the undersigned should recuse here.[9] However, the undersigned's previous recusal,[10] differed significantly from the case at hand. In Case No. 2003-4108, the defendants included then County Attorney for Norton County, Kansas, Douglas Sebelius, the undersigned's brother. In contrast, the present case does not involve any members of the undersigned's family, either directly or peripherally.

In this instance, the only basis to question the impartiality of the undersigned is that one of the plaintiffs in the present case listed the undersigned's brother as a defendant in a previously filed and now concluded suit. The court believes a reasonable person would conclude that no appearance of impropriety exists simply because the plaintiff named Douglas Sebelius as a defendant in previous unrelated litigation.

After a review of the plaintiff's motion for recusal and the record in the case to this point, the court cannot conclude that an objective reasonable person with knowledge of all the facts

---

[6] *United States v. Corr*, 434 F. Supp. 408, 413 (S.D.N.Y. 1977) (quoting *Wolfson v. Palmieri*, 396 F.2d 121, 125 (2nd Cir. 1968).

[7] *Butler v. Boeing Co.*, No. 01-2433, 2002 U.S. Dist. LEXIS 14813, at * 3 (D. Kan. May 30, 2002) (citing *Traylor v. Gibson*, 202 F.3d 283 at *1 (10th Cir. Jan. 11, 2000)).

[8] *See* Motion for Recusal (Doc. 28), at p. 2.

[9] *Id.*

[10] *See* Case No-03-4108 (Doc. 2).

would have doubts about the undersigned's ability to be impartial in his continued pretrial supervision.

Regarding reconsideration of the court's order granting a stay in discovery (Doc. 20), plaintiffs solely based their objection to the stay in discovery on their recusal argument. Having found the plaintiffs' recusal argument without merit, the court has nothing further to reconsider (Doc. 20).

Further, Under D. Kan. Local Rule 7.3(b), "[m]otions seeking reconsideration of non-dispositive order shall be filed within ten days after the filing of the order unless the time is extended by the court." Plaintiffs filed the present motion on August 1, 2006, exceeding this time limit by twenty-three days. Consequently, the court finds that plaintiffs failed to timely file their motion for reconsideration. Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's motion for recusal and reconsideration (Doc. 28) is denied.

**IT IS SO ORDERED**

Dated this 18th day of September, 2006, at Topeka, Kansas.

  s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge