ajg

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MELVIN R. SCHAMP,               )
MATT SCHROEDER, and             )
DOVIE J. SCHAMP BRILL           )
                                )
              Plaintiffs,        )
                                )
        v.                       )        Case No. 06-CV-4015-JAR
                                )
JOE SHEPACK                     )
JAMES F. TYREE,                 )
JAIME MONTOY,                   )
TRACY PLOUTZ, and               )
HANNELORE KITTS                 )
                                )
              Defendants.        )
_____ )

### MEMORANDUM AND ORDER

The Court now considers Defendant Kitts' Motion to Dismiss (Doc. 8), and Motion to

Dismiss of the Non-Judicial Defendants (Doc. 6).  Defendant Kitts argues that the claims against

her should be dismissed because she is entitled to absolute judicial immunity.  Defendants Joe

Shepack, James F. Tyree, Jaime Montoy and Tracy Ploutz (collectively the "non-judicial

defendants") argue plaintiffs' federal claim against them for "excessive bond" fails to state a

claim upon which relief may be granted.  All defendants further argue that the Court should not

exercise supplemental jurisdiction over the remaining state law claims.  The Court grants these

motions to dismiss and further declines to exercise supplemental jurisdiction over the remaining

state law claims.

## I.  STANDARD

The Court will dismiss a cause of action for failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him or her to relief,[1] or when an issue of law is dispositive.[2]  The Court accepts as true all well-pleaded facts, as distinguished from conclusory allegations,[3] and all reasonable inferences from those facts are viewed in favor of the plaintiff.[4]  The issue in resolving a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to support the claims.[5]  It is not the Court's function "to weigh potential evidence that the parties might present at trial."[6]  The Court construes the allegations in the light most favorable to the plaintiff.[7]  These deferential rules, however, do not allow the Court to assume that a plaintiff, "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."[8]  Dismissal is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice.[9]

Plaintiffs proceed pro se.  "A pro se litigant's pleadings are to be construed liberally and

---

[1]*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998).

[2]*Neitzke v. Williams,* 490 U.S. 319, 326 (1989).

[3]*Maher*, 144 F.3d at 1304.

[4]*Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[5]*Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

[6]*Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991).

[7]*Scheuer v. Rhodes,* 416 U.S. at 236, 94 S.Ct. 1683; *Hall v. Bellmon*, 935 F.2d at 1109.

[8]*Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,* 459 U.S. 519, 526 (1983) (footnote omitted).

[9]*Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359 (10th Cir. 1989).

held to a less stringent standard than formal pleadings drafted by lawyers"[10]  Thus, if the

Complaint can reasonably be read to state a valid claim, the Court will not grant dismissal

despite "plaintiff's confusion of various legal theories, his poor syntax and sentence

construction, or his unfamiliarity with pleading requirements.[11]  However, it is not "the proper

function of the district court to assume the role of advocate for the pro se litigant."[12]

## II.  BACKGROUND

The following facts are uncontroverted.[13]  All plaintiffs and defendants are citizens of the

State of Kansas.  Defendant Kitts is a District Court Judge in the Twentieth Judicial District of

Kansas.  The non-judicial defendants are all employees of Ellsworth County.  Defendant Joe

Shepack is the Ellsworth County Attorney.  Defendants James F. Tyree and Jaime Montoy are

Ellsworth County Deputy Sheriffs.  Defendant Tracy Ploutz is the Ellsworth County Sheriff.

Plaintiffs state four grounds for relief in their Complaint: (1) imposition of excessive

bonds set in state court proceedings in Ellsworth County (Case. Nos. 04-TR-2307, 04-CR-155,

04-CR-176, 05-CR-18); (2) malicious prosecution/false prosecution/false arrest (in the same

state court proceedings); (3) reckless endangerment; and (4) defamation of character.  Plaintiffs'

claims are asserted against each defendant in both their individual and official capacities.  Under

the grounds for jurisdiction portion of the Complaint, plaintiffs refer to a battery of plaintiff

---

[10]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

[11]*Id.*

[12]*Id.*

[13]The Court accepts the allegations in plaintiffs' Complaint to the extent that it alleges facts within their personal knowledge.  *Hall*, 935 F.2d at 1111.

Schroeder by defendant Shepack committed in open court on January 31, 2005.  Construing the

pro se litigants' complaint liberally, the Court considers this an additional claim.  Plaintiffs seek

only damages in the form of monetary relief.

## III.  DISCUSSION

### A. *Excessive Bonds*

Plaintiffs' first claim against defendants is for "excessive bonds set" in several Kansas

State court proceedings in Ellsworth County.  The Court construes this claim as one for

excessive traffic and criminal bonds in violation of the Eighth Amendment excessive bail clause.

Thus, the Court assumes plaintiffs bring the first claim under 42 U.S.C. § 1983.

### 1.  Individual Capacity Claims

Under 42 U.S.C. § 1983, a government official may be sued in his or her individual

capacity for official actions taken under color of state law.[14]  In order to establish individual

liability in a

§ 1983 suit, a plaintiff only need show that the official, "acting under color of state law, caused

the deprivation of a federal right."[15]  A defendant sued in his or her individual capacity may be

able to assert personal immunity defenses, such as absolute or qualified immunity.[16]

### a.  Defendant Kitts

Defendant Kitts has asserted absolute judicial immunity as a defense to plaintiffs' 42

---

[14]*Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

[15]*Id.* at 166.

[16]*Id.*

U.S.C. § 1983 claim.  According to the Tenth Circuit:

> The United States Supreme Court has recognized the defense of absolute immunity for officials whose special functions or constitutional status requires complete protection from suit.  Judges are clearly among those officials who are entitled to such immunity.  The purpose of the doctrine is to benefit the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.  The Supreme Court has recognized that the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.  Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.  Further, it is well settled that the doctrine of judicial immunity is applicable in actions . . . that are brought pursuant to 42 U.S.C. § 1983.[17]

Defendant Kitts is the District Court Judge in the Twentieth Judicial District of Kansas. Thus, absolute immunity is an applicable defense to plaintiffs' § 1983 claim.  Whether a judge is immune depends on "whether the challenged action was 'judicial,' and whether at the time the challenged action was taken, the judge had subject matter jurisdiction."[18]  Whether a judge performed a "judicial" act or acted "in the clear absence of jurisdiction is determined by looking to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in [her] judicial capacity."[19]

"Setting bond and revoking bond are judicial actions."[20]  Imposing bond in the cases at issue was clearly within Judges Kitts' jurisdiction as a Kansas district court judge.   Furthermore,

---

[17]*Van Sickle v. Holloway*, 791 F.2d 1431, 1434-35 (10th Cir. 1986) (internal quotations and citations omitted).

[18]*Id.* at 1435.

[19]*Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994) (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)).

[20]*Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1257 (D. Kan. 2004).

plaintiffs' claim against defendant Kitts only involve judicial acts.  Thus, Judge Kitts is shielded by absolute immunity in her individual capacity.

### b.  The Non-Judicial Defendants

The non-judicial defendants do not assert an immunity defense in their motion to dismiss. They do, however, assert qualified immunity as a defense in their Answer (Doc. 18).  Qualified immunity shields government officials from liability for damages incurred in the performance of discretionary functions as long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."[21]  The Supreme Court counsels that before addressing the issue of qualified immunity, the Court must first consider: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"[22]  Because the alleged facts do not show that any of the non-judicial defendants violated a constitutional right, the Court dismisses the § 1983 claim without addressing whether the non-judicial defendants are entitled to qualified immunity in their individual capacities.

Plaintiffs allege Eighth Amendment violations against the non-judicial defendants regarding their involvement in the imposition of excessive bonds.  However, plaintiffs do not allege that the non-judicial defendants actually set their bonds, or had anything to do with the amount at which plaintiffs' bonds were set.  In Kansas, the amount of bond is the province of the state court magistrate.[23]  The facts alleged, even construed in the light most favorable to the

---

[21]*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

[22]*Saucier v. Katz*, 533 U.S. 194, 200–01 (2001).

[23]K.S.A. § 22-2802.

plaintiffs, fail to outline a viable Eighth Amendment claim and must be dismissed.  As the non-judicial defendants point out, federal courts in other districts have dismissed 42 U.S.C. § 1983 claims for excessive bail in circumstances similar to those presented here.[24]

## 2. Official Capacity Claims

Plaintiffs also bring suit against defendants in their official capacities.  "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"[25]  "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment."[26]

### a.  Defendant Judge Kitts

Plaintiffs' 42 U.S.C. § 1983 claim against defendant Kitts in her official capacity amounts to an action for damages against the State of Kansas.  The absolute immunity which bars suit against defendant Kitts in her individual capacity does not bar suit against her in her official capacity.  Nevertheless, the Eleventh Amendment bars plaintiffs' damages action against the State of Kansas in federal court.  The United States Supreme Court has held, "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action

---

[24]*See, e.g.*, *Walden v. Carmack*, 156 F.3d 861, 874 (8th Cir. 1998) (holding where bail set at the discretion of a judicial officer, law enforcement has no § 1983 liability for excessive bail); *Potter v. Clark*, 497 F.2d 1206, 1208 (7th Cir. 1974) ("[p]laintiff cannot be heard to bring an action against defendant for excessive bail since defendant was not the one who had responsibility to set the bail"); *Duncan v. Fapso*, No. Civ.A. 05 C 1193, 2006 WL 328262, at *4 (N.D. Ill. Feb. 9, 2006) (dismissing plaintiff's excessive bail claim because "[a] police officer is not liable for the actions of a court").

[25]*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690, n.55 (1978)).

[26]*Id.* at 167.

against a State in federal court."[27]  "This bar remains in effect when State officials are sued for damages in their official capacity."[28]  "That is so because . . . 'a judgment against a public servant in his official capacity imposes liability on the entity that he represents.'"[29]  Thus, Plaintiffs' 42 U.S.C. § 1983 claim against defendant Kitts in her official capacity is dismissed.

### b. The Non-Judicial Defendants

The Eleventh Amendment does not bar plaintiffs' 42 U.S.C. § 1983 claim against the non-judicial defendants because they are not agents of the State of Kansas, but rather of Ellsworth County.  Municipalities and other local governments, such as counties, may be sued under section 1983 for constitutional torts.[30]  A local government may be held liable where its action "*itself* violates federal law, or directs an employee to do so."[31]  But, "[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee."[32]  A local government may not be held liable for tortious acts committed by its employee if the employee committed no constitutional violation.[33]  In order to establish liability, the government official must have

---

[27]*Id at 169.*

[28]*Id.*  (*citing Cory v. White*, 457 U.S. 85, 90 (1982); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)).

[29]*Id.* (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)).

[30]*Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).

[31]*Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404–05 (1997).

[32]*Id.* at 405.

[33]This rule would be inapplicable, however, if the individual defendants were not liable on the grounds of qualified immunity.  *Myers*, 151 F.3d. at 1317.  "Municipalities enjoy no such shield."  *Id.* (internal quotation omitted).

committed a constitutional violation, and the entity itself must have been the "moving force" behind the alleged deprivation, so the entity's "policy or custom" must have contributed toward the constitutional violation."[34]

Plaintiffs' claim against the non-judicial defendants is essentially a suit against Ellsworth County.  Ellsworth County cannot be held liable for the tortious acts of the non-judicial defendants because, as discussed above, they committed no constitutional violation regarding imposition of plaintiffs' bond.  Therefore, plaintiffs' claim against the non-judicial defendants in their official capacities is dismissed.

### B.  State Law Claims

Plaintiffs' second through fourth claims are state law claims, over which this Court does not have original jurisdiction.  Nor may this Court exercise diversity jurisdiction over these claims, as the Complaint alleges all parties in this action are residents of Kansas.[35]  Because the Court has dismissed the federal claims against defendants, the Court is authorized to decline supplemental jurisdiction over the remaining state law claims.[36]

Whether to exercise supplemental jurisdiction is committed to the Court's sound discretion.[37]  28 U.S.C. § 1367 "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and

---

[34]*Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694–95 (1978); *Myers*, 151 F.3d at 1316.

[35]28 U.S.C. § 1331.

[36]28 U.S.C. § 1367(c)(3).

[37]*City of Chicago  v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997); *see Anglemyer v. Hamilton County Hosp.,* 58 F.3d 533, 541 (10th Cir. 1995).

at every stage of the litigation, the values of judicial economy, convenience, fairness and comity.'"[38]

Upon a pretrial disposition of the federal claims, district courts will generally dismiss the state law claims without prejudice.[39]  This general practice is in keeping with the holdings of the Supreme Court and the Tenth Circuit.[40]  "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[41]

Here, no "compelling reasons" point in favor of federal rather than state court resolution of the state law claims.  Further, plaintiffs are free to pursue their claims in a Kansas court.  Even if the statute of limitations would otherwise have run, 28 U.S.C. § 1367(d) tolls the statute of limitations during the time the claim is pending and affords them at least thirty days from a current federal court dismissal to commence a new action in the state court.[42]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Kitts' Motion to Dismiss (Doc. 8), and the Motion to Dismiss of the Non-Judicial Defendants (Doc. 6) are **GRANTED**.

---

[38]*City of Chicago*, 522 U.S. at 173 (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)); *see also Gold v. Local 7 United Food & Commercial Workers Union,* 159 F.3d 1307, 1310 (10th Cir. 1998), *overruled on other grounds by Styskal v. Weld County Commr's*, 365 F.3d 855 (10th Cir. 2004).

[39]*Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (collecting cases); *see also Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1237 (10th Cir. 1997).

[40]*Ball*, 54 F.3d at 669.

[41]*Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

[42]28 U.S.C. § 1367(d).  *Cf. Jinks v. Richland County, S.C.*, 538 U.S. 456, 466–67 (2003) ("no constitutional doubt arises from holding that [a] claim against . . . a political subdivision of a State—falls under the definition of 'any claim asserted under subsection (a).'").  Kansas's "saving statute," K.S.A. 60-518, affords a plaintiff six months to commence a new action if a previous timely action failed "otherwise than upon the merits."  Examples of such failures include dismissal without prejudice.  *See Rogers v. Williams, Larson, Voss, Strobel & Estes*, 777 P.2d 836, 839 (Kan. 1989).  If applicable, this time frame controls over the 30-day tolling period in 28 U.S.C. § 1367(d).

**IT IS FURTHER ORDERED BY THE COURT** that because the Court declines to exercise supplemental jurisdiction in this case, Plaintiffs' state law claims are dismissed without prejudice.

**IT IS SO ORDERED**.

Dated this 4th day of October, 2006.

 S/ Julie A. Robinson

Julie A. Robinson

United States District Judge